Charles H. Chevalier
Christine A. Gaddis
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Phone:  973-596-4500
Fax: 973-596-0545

*Of Counsel:*

John C. Adkisson
Elizabeth M. Flanagan
**FISH & RICHARDSON P.C.**
3200 RBC Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Phone: 612-335-5070
Fax: 612-288-9696

*Attorneys for Plaintiff Cambria Company LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Cambria Company LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>Quartz Master, LLC and Raphael Stone Collection Inc.,<br><br>        Defendants. | Civil No._____ _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint against Defendants Quartz Master, LLC and Raphael Stone

Collection Inc. (collectively "Defendants"), Plaintiff Cambria Company LLC

("Cambria"), states and alleges the following:

## PARTIES

1.      Plaintiff Cambria is a Minnesota limited liability company with its principal place of business at 805 Enterprise Drive East, Suite H, Belle Plaine, MN 56011 USA.

2.      Upon information and belief, Defendant Quartz Master is a New Jersey limited liability company ("Quartz Master") with its principal place of business at 101 E. 2nd Street, Bayonne, NJ 07002, USA.  Quartz Master also has several locations throughout the United States and Canada.

3.      Upon information and belief, Defendant Raphael Stone Collection Inc. is a New Jersey domestic profit corporation ("Raphael Stone") with its principal place of business at 6-9 Park Place, Lodi, NJ 07644, USA.  Raphael Stone also has several locations throughout the United States and Israel.

## JURISDICTION AND VENUE

4.      Cambria's claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.  Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Quartz Master.  Upon information and belief, Quartz Master has a physical place of business in this judicial district located at 101 E. 2nd Street, Bayonne, NJ 07002, USA. Quartz Master has also committed the tortious acts complained of herein in New Jersey, including, but not limited to using, selling, and/or offering for sale the infringing products accused herein, and directs its infringing products at the residents in the State of New Jersey and in this judicial district.

Quartz Master distributes its infringing products within this judicial district.  Finally, Cambria's claims arise out of or relate to Quartz Master's activities in New Jersey.

6.      This Court has personal jurisdiction over Raphael Stone. Upon information and belief, Raphael Stone has a physical place of business in this judicial district located at 6-9 Park Place, Lodi, NJ 07644, USA. Raphael Stone has also committed the tortious acts complained of herein in New Jersey, including, but not limited to using, selling, or offering for sale the infringing products accused herein, and directs its infringing products at the residents in the State of New Jersey and in this judicial district. Raphael Stone distributes its infringing products within this judicial district.  Finally, Cambria's claims arise out of or relate to Raphael Stone's activities in New Jersey.

7.      Joinder of Quartz Master and Raphael Stone in this same action is appropriate pursuant to 35 U.S.C. § 299 because the (1) the infringement described below arises from the same series of transactions or occurrences relating to using, importing into the United States, offering for sale, or selling of the same Accused Products; and (2) the infringement described below involves questions of fact common to both Quartz Master and Raphael Stone.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this judicial district where the infringing product can be found, and have regular and established physical places of business in this judicial district. Defendants also do business in this judicial district through a permanent and continuous presence here.

## FACTUAL BACKGROUND

9.     Plaintiff Cambria is an industry leader in the design and manufacture of natural quartz surface products.  Cambria's natural quartz surface products have a variety of uses in homes and businesses, including, but not limited to, countertops, floor tiles, vanities, fireplace surrounds, wet bars, and showers.

10.     Cambria is an innovator in creating original, unique, and distinct designs for its natural quartz surface products.  To protect these designs, Cambria has sought and received intellectual property protection for its designs, including, but not limited to, United States Design Patent D780,332 (the "D'332 patent").

11.     The D'332 patent issued on February 28, 2017.  Cambria is the owner of the D'332 patent by assignment.  The D'332 patent is valid, enforceable, and duly issued in compliance with Title 35 of the United States Code.  A true and correct copy of the D'332 patent is attached as Exhibit A.

12.     The D'332 patent is entitled "An Ornamental Design for a Slab."  The sole figure from the D'332 patent is shown below:



13.     Cambria's Brittanicca™ quartz surface product from its Marble Collection™ features the design of the D'332 patent.

14.     Cambria's Brittanicca™ product has been marked in accord with 35 U.S.C. § 287.  Cambria marks the D'332 patent number on slab labels and sample labels.

**Defendant Quartz Master**

15.     Upon information and belief, Defendant Quartz Master is engaged in the quartz surface products industry.

16.     Cambria has not authorized Quartz Master to copy, reproduce, manufacture, duplicate, disseminate, distribute, sell, offer for sale, or display quartz surface products with the design from the D'332 patent.

17.     Upon information and belief, Quartz Master offers for sale and sells Quartz Master's "Calacutta Blois" product number QM9732.  The design of the Calacutta Blois product copies the design in the D'332 patent.

18.     Quartz Master offers for sale the Calacutta Blois product through at least the following website:  https://www.quartzmasters.com/portfolio-item/qm-9732-calacutta-blois/ (last visited February 13, 2020).

19.     Quartz Master's infringing Calacutta Blois product is depicted below as compared to the ornamental design claimed in the D'332 patent.

**Quartz Master Calacutta Blois Product**               **Cambria D'332 Patent**

    



## Defendant Raphael Stone

20.     Upon information and belief, Defendant Raphael Stone is engaged in the quartz surface products industry.

21.     Upon information and belief, Defendant Quartz Master's Chief Executive Officer and Lead Designer sold Quartz Master and started Raphael Stone in 2019. https://www.raphaelstoneusa.com/acher-cohen-starts-raphael-stone-collection/ (last visited February 13, 2020).

22.     Cambria has not authorized Raphael Stone to copy, reproduce, manufacture, duplicate, disseminate, distribute, sell, offer for sale, or display quartz surface products with the design from the D'332 patent.

23.     Upon information and belief, Raphael Stone offers for sale and sells Raphael Stone's "Calacatta Blois" product number RQ09732.  The design of the Calacatta Blois product copies the design in the D'332 patent.

24.     Raphael Stone offers for sale the Calacatta Blois product through at least the following website:  https://www.raphaelstoneusa.com/collections-item/rq09732-calacatta-blois/ (last visited February 13, 2020).

Raphael Stone's infringing Calacatta Blois product is depicted below as compared to the ornamental design claimed in the D'332 patent.

**Raphael Stone Calacatta Blois Product**              **Cambria D'332 Patent**




25.     The Calacatta Blois product offered for sale by Quartz Master and the Calacatta Blois product offered for sale by Raphael Stone feature the claimed design of the D'332 patent. (Quartz Master Calacatta Blois and Raphael Stone Calacutta Blois hereinafter collectively referred to as "Products.")

26.     Without Cambria's authorization, Defendants have made, used, sold, offered for sale, and/or imported into the United States, including, but not limited to, New Jersey, the Products that infringe the D'332 patent.

27.     An ordinary observer, familiar with the prior art in the field, would perceive the overall appearance of the design of the D'332 patent and the designs of the Products to be substantially the same.  Such an ordinary observer would be deceived into believing that the Products are the same as the design claimed in the D'332 patent.

28.     The ordinary observer, informed by the relevant prior art, would be misled by the Products into believing that the Defendants are authorized to distribute products that copy the ornamental design claimed in the D'332 patent.

## COUNT 1: DEFENDANT'S INFRINGEMENT OF THE D'332 PATENT

29.     Cambria incorporates by reference, as if fully set forth herein, paragraphs 1-28 of this Complaint.

30.     On February 28, 2017, the United States Patent and Trademark Office duly and legally issued the D'332 patent.

31.     The D'332 patent is directed to an "an ornamental design for a slab" as shown in the sole figure of the D'332 patent.

32.     Cambria is the owner of the D'332 patent by assignment.

33.     Defendants have made, used, sold, and/or offered for sale within the United States and/or imported into the United States, one or more accused products, including, but not limited to, the Products.  The design of the Products, in the eye of the ordinary

8

observer who is familiar with the prior art in the field, appears substantially similar to the ornamental design of the D'332 patent.

34.    Defendants have damaged and will continue to damage Cambria in an amount to be determined at trial.

35.    Defendants have irreparably injured Cambria and such injury will continue unless Defendants are enjoined by this Court.

**WHEREFORE,** in consideration of the foregoing, Cambria respectfully requests that this Court enter an Order granting the following relief:

A.    Enjoin Defendants and any person acting in concert with them from further infringement of the D'332 patent pursuant to 35 U.S.C. § 283;

B.    Declare that the D'332 patent is valid, enforceable, and infringed by Defendants; and

C.    Award Cambria the profits of Defendants, in accordance with 35 U.S.C. § 289, resulting from Quartz Master's and Raphael Stone's infringement of the D'332 patent, actual damages to Cambria in an amount not less than a reasonable royalty for Quartz Master's and Raphael Stone's infringement, and other damages and relief allowed as by 35 U.S.C. § 284:

> (i)    order the removal from the marketplace and destruction of all of Defendants' products that infringe the D'332 patent;
>
> (ii)    prohibit Defendants from further using, selling, offering for sale, or importing all of Defendant's products that infringe the D'332 patent;
>
> (iii)    award Cambria its reasonable attorney fees;
>
> (iv)    award Cambria interest and costs;

(v)     order an accounting of Defendants' profits relating to infringement of the D'332 patent;

(vi)    order Defendants to report to this Court of its compliance with the foregoing within thirty (30) days of judgment; and

(vii)   other and further relief that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Cambria hereby demands a jury trial on all issues.

Dated:  February 14, 2020                    Respectfully submitted,


By: s/ Charles H. Chevalier
_____
     Charles H. Chevalier
     Christine A. Gaddis
     GIBBONS P.C.
     One Gateway Center
     Newark, NJ 07102
     Telephone: (973) 596-4500
     Facsimile: (973) 596-0545
     cchevalier@gibbonslaw.com
     cgaddis@gibbonslaw.com

     John C. Adkisson (*pro hac vice pending*)
     Elizabeth M. Flanagan
     FISH & RICHARDSON P.C.
     3200 RBC Plaza
     60 South Sixth Street
     Minneapolis, MN 55402
     Telephone: (612) 335-5070
     Facsimile: (612) 288-9696
     adkisson@fr.com
     betsy.flanagan@fr.com

     *Attorneys for Plaintiff Cambria Company LLC*